UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL W. TILLEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEAFFILTER NORTH, LLC and LEAFFILTER NORTH OF TEXAS, LLC,<br><br>Defendants. | Case No. 5:18-CV-1152-DAE |

## PRELIMINARY APPROVAL ORDER

The matter before the Court is the motion of Plaintiff Michael W. Tilleman ("Plaintiff") for preliminary approval of a proposed class action settlement with Defendants LeafFilter North, LLC and LeafFilter North of Texas, LLC ("LeafFilter" or the "Defendants"), on behalf of a proposed Settlement Class. The proposed Settlement would resolve all of the claims asserted by Plaintiff and members of the proposed Settlement Class in this action against LeafFilter (the "Litigation").

This matter has been resolved by compromise as a result of direct negotiations and a mediation session on April 9, 2019 with mediator Bruce A. Friedman, Esq. (the "Mediation"). Plaintiff and the Defendants (collectively, the "Parties"), through their respective counsel, have executed and filed with this Court a Settlement Agreement that resolves this Litigation and all claims asserted by Plaintiff and members of the proposed Settlement Class relating to or arising from the unauthorized access and forwarding rules placed on three (3) LeafFilter employees' email accounts, which allowed an unknown third-party to potentially view and/or access personally identifiable information Plaintiff and members of the proposed Settlement Class (hereafter, the

"Incident"). The Court, having reviewed the Settlement Agreement, including the exhibits thereto, and considered the briefing submitted in support of the unopposed motion and the arguments of counsel thereon, finds that the terms of the proposed Settlement are fair, reasonable and adequate to Plaintiff and the Settlement Class and that the interests of fairness, consistency, and efficiency are well served by a single class settlement. The Court therefore hereby GRANTS the preliminary approval motion and ORDERS as follows.

1. Except as otherwise stated, this Order incorporates the defined terms set forth in the Settlement Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23(b)(3) for purposes of settlement, and conditioned upon the Settlement Agreement receiving final approval following the final approval hearing, the Court conditionally certifies the following Settlement Class:

> All persons whose personal identifying information was potentially compromised by unauthorized persons as a result of a phishing incident discovered by LeafFilter on or before August 21, 2018, specifically excluding: (i) officers, directors, members, shareholders, and board members of LeafFilter and/or its related entities; (ii) all Settlement Class Members who timely and validly request exclusion from and/or opt-out of the Settlement Class; (iii) the Judge or Magistrate Judge to whom the action is assigned and, any member of those Judges' staffs or immediate family members; and (vi) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of The Incident or who pleads *nolo contendere* to any such charge (as defined in Paragraph 43 of the Settlement Agreement).

3. With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement and for no other purpose, that:

(i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in this action would be impracticable, as the Settlement Class comprises more than two thousand members;

(ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions, including whether Defendants failed to adequately safeguard Plaintiff's and the Settlement Class Members' personally identifiable information ("PII"), whether Defendants failed to protect Plaintiff's and the Settlement Class Members' PII; whether Defendants' email and computer systems and data security practices used to protect Plaintiff's and the Settlement Class Members' PII violated federal and/or state laws and/or Defendants' duties; whether Defendants violated the data security statutes and data breach notification statutes applicable to Plaintiff and the Settlement Class; whether Defendants failed to notify Plaintiff and members of the Settlement Class about the Incident expeditiously and without unreasonable delay after it was discovered, whether Defendants acted negligently in failing to safeguard Plaintiff's and the Settlement Class Members' PII, whether Defendants entered into implied contracts with Plaintiff and the members of the Settlement Class that included contract terms requiring Defendants to protect the confidentiality of PII and have reasonable security measures; whether Defendants' conduct constitutes a breach of their implied contracts with Plaintiff and the Settlement Class, whether Plaintiff and the members of the Settlement Class are entitled to damages as a result of Defendants' wrongful conduct; what equitable relief is appropriate to redress Defendants' wrongful conduct; and what injunctive relief is appropriate to redress the imminent and currently ongoing harm faced by members of the Class;

(iii) the claims of Representative Plaintiff are typical of the claims of the Settlement Class, and Representative Plaintiff does not have any conflicts of interest with the other members of the Settlement Class;

(iv) Representative Plaintiff and Class Counsel can fairly and adequately represent and protect the interests of the Settlement Class Members, as shown by their extensive investigation, vigorous prosecution of this Litigation, and services performed to date; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy as it relates to the proposed Settlement, considering the interests of the Settlement Class Members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, the desirability or undesirability of continuing the Litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action.

4. The Settlement, on the terms and conditions set forth in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable, adequate, and within the range of possible final judicial approval. The Court finds that the Settlement resulted from arm's-length negotiations conducted in good faith by the Parties in a mediation with a third-party neutral and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

5. The Court provisionally finds that Plaintiff Michael W. Tilleman is able to fairly and adequately represent the Settlement Class and appoints Michael W. Tilleman as the Class Representative for the Settlement Class. Representative Plaintiff has diligently prosecuted this Litigation.

6. The Court appoints William B. Federman of Federman & Sherwood as Class Counsel, finding that Mr. Federman is able to fairly and adequately represent the Settlement Class, and has competently represented Plaintiff and Settlement Class in this matter.

7.      The Court preliminarily approves the monetary relief to Settlement Class Members provided in the Settlement Agreement and recognizes that LeafFilter has also agreed to make certain security changes, set forth in Paragraph 51 of the Settlement Agreement, for no less than three (3) years. Accordingly, the Court finds that the relief provided to Settlement Class Members in the Settlement is within the range of fair, reasonable and adequate.

8.      The Court approves the Notice Program set forth in the Settlement Agreement, as well as the Notices attached as Exhibit B (Short Form Notice) and Exhibit C (Long Form Notice) thereto. The Court finds that the Notices collectively provide a sufficiently clear and concise description of the Litigation, the Settlement terms, and the rights and responsibilities of the Settlement Class Members. The Court further finds that the plan for dissemination of the Notices by (i) mailing the Short Form Notice and Claim Form to Settlement Class Members and (ii) posting the Long Form Notice on the Settlement Website as set forth in the Settlement Agreement, is the best means practicable, and is reasonably calculated to apprise the Settlement Class Members of the Litigation and their right to participate in, object to, or exclude themselves from the Settlement. Accordingly, the Settlement Administrator and/or the Parties and/or their counsel are directed to disseminate the Notices pursuant to the terms of the Settlement Agreement.

9.      The Court approves the Claim Form attached to the Settlement Agreement as Exhibit A.

10.     The Court approves and appoints KCC LLC as the Settlement Administrator, and directs them to perform the duties set forth in the Settlement Agreement. As set forth in the Settlement Agreement, all costs and expenses incurred by the Settlement Administrator in connection with disseminating the notice and administering the Settlement shall be paid by the Defendants.

11. The Court will conduct a final approval hearing, at which time it will consider any objections to the Settlement Agreement and determine whether the Settlement Agreement should be finally approved, on November 25, 2019 commencing at 1:30 p.m. Class Counsel shall file their motion for final approval of the Settlement no later than thirty (30) days prior to the final approval hearing.

12. Class Counsel shall file their motion for a Service Award for Representative Plaintiff and for attorneys' fees, costs, and expenses concurrently with motion for entry of Final Order and Judgment. These motions may be supplemented prior to the final approval hearing, and the Court will rule upon the motions at the final approval hearing.

13. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement, the proposed Attorneys' Fees and Costs, and/or the proposed Service Award must submit timely notice of his or her objection to Paul G. Karlsgodt of Baker & Hostetler LLP as counsel for the Defendants and to William B. Federman of Federman & Sherwood as Class Counsel, and the Court. Such notice shall: (i) state the objecting Settlement Class Member's full name, current address, telephone number, and e-mail address (if any); (ii) contain the objecting Settlement Class Member's original signature; (iii) set forth information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (e.g., copy of Notice or copy of original notice of the Data Disclosure); (iv) set forth a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable; (v) identify all counsel representing the objector; (vi) state whether the objector and/or his or her counsel will appear at the Final Approval Hearing; (vii) contain the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; (viii) include a list,

including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and (ix) include copies of any documents that the objecting Settlement Class Member wants to submit in support of his or her position.

14.  All objections must be filed with the Court and delivered to counsel for the Defendants and Class Counsel not later than September 6, 2019. Objections must be delivered to the Court, Class Counsel, and the Defendants' counsel at the addresses listed below:

Court:

Clerk of the Court
U.S. District Court for the Western District of Texas, San Antonio Division
655 E. Cesar E. Chavez Blvd., Room G65
San Antonio, Texas 78206

Class Counsel:

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120

Defendants' Counsel:

Paul G. Karlsgodt
Michelle R. Gomez
BAKER & HOSTETLER LLP
1801 California St., Ste. 4400
Denver, CO 80202-2662

No person will be entitled to be heard at the final approval hearing, and no written objections will be received or considered by this Court at the final approval hearing, unless all pertinent terms and conditions set forth above and in the Settlement Class Notice have been fully met. If an objection is overruled, the objecting Settlement Class Member will be bound by the terms of the Settlement and may not exclude him/herself later.

15. Any person who elects to opt out of the Settlement Class shall not be bound by any orders, including, but not limited to, any final order approving the Settlement, entered in this Litigation, not be entitled to relief under the Settlement Agreement, not gain any rights by virtue of the Settlement Agreement, and not be entitled to object to any aspect of the Settlement Agreement. No person may opt out of the Settlement Class through a so-called "mass" or "class" opt-out.

16. Any Settlement Class Member who wishes to be excluded from the Settlement must fully comply with all pertinent terms and conditions set forth in the Long Form Notice. All Requests for Exclusion must be postmarked no later than September 6, 2019. Settlement Class Members who submit a timely and valid Request for Exclusion will have no rights under the Settlement Agreement, will not share in the distribution of the Net Settlement Fund, and will not be bound by the Settlement Agreement. Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall be bound by all terms of the Settlement Agreement and any final order approving the Settlement.

17. In the event this Court does not finally approve the Settlement Agreement, any and all rights of the Parties existing prior to the execution of the Settlement Agreement, including but not limited to Plaintiff's right to seek and the Defendants' right to oppose class certification in the Litigation, shall be preserved, and the Litigation shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the Settlement Agreement shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination.

18. For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, this Court retains continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

19. The Parties are directed to carry out their obligations under the Settlement Agreement.

## Summary of Applicable Dates

| | | |
|---|---|---|
| 1. | Preliminary Approval Order entered | 7/8/19, 2019 |
| 2. | Defendants to provide names and address of Settlement Class Members to the Settlement Administrator | 7/15/19, 2019 [No later than seven (7) calendar days after entry of this Order] |
| 3. | Settlement Administrator to mail commence the Notice Program described in Section VI of the Settlement Agreement | 8/7/19, 2019 [No later than thirty (30) calendar days after entry of this Order] |
| 4. | Deadline to Opt Out, or Object | 9/6/19, 2019 [No later than sixty (60) calendar days from the commencement of the Notice Program] |
| 5. | Deadline to submit a Claim Form ("Claim Deadline") | 11/5/19, 2019 [No later than ninety (90) calendar days from the commencement of the Notice Program] |
| 6. | Motion for Final Approval of Settlement and Application for Service Awards, Attorney Fees, Costs & Expenses to be filed | 10/26/19, 2019 [No later than thirty (30) calendar days prior to Final Approval Hearing] |
| 7. | Final Approval Hearing | 11/25/19, 2019 at 1:30 am/**pm** [At the Court's convenience, no earlier than ninety (90) days after entry of the Preliminary Approval Order] |

**IT IS SO ORDERED.**

Dated:\_\_\_Jul 8, 2019\_\_\_

_____
Hon. David Alan Ezra
United States District Court Judge