UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL W. TILLEMAN, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br>LEAFFILTER NORTH, LLC and )<br>LEAFFILTER NORTH OF TEXAS, LLC, )<br><br>Defendants. ) | Case No. 5:18-CV-1152-DAE |

## FINAL ORDER AND JUDGMENT

The Court, having considered the Plaintiff's Motion for Final Approval (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Litigation") pursuant to the Settlement Agreement (the "Agreement" or "SA") dated May 31, 2019, between Plaintiff Michael W. Tilleman ("Representative Plaintiff") and Defendants LeafFilter North, LLC and LeafFilter North of Texas, LLC ("LeafFilter" or the "Defendants"), having considered all of the submissions and arguments with respect to the Motion, and having held a Fairness Hearing on _November 25_, 2019, finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Agreement.

2. Notice to the Settlement Class Members has been provided in accordance with the Court's Preliminary Approval Order, and the substance of, and dissemination program for, the Notice fully complied with the requirements of Federal Rule of Civil Procedure 23(b) and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Litigation.

3. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith and without collusion by counsel for the Parties and is supported by Representative Plaintiff and Class Counsel.

4. The Settlement as set forth in the Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

5. The consideration provided under the Agreement constitutes fair value given in exchange for the release by Representative Plaintiff and Settlement Class Members of the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

6. No Settlement Class Members have requested to be excluded from the Settlement, and no Settlement Class Members have objected to the Settlement.

7. It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy, that any dispute between any Settlement Class Member and LeafFilter regarding a Settlement Matter (as defined below) should be presented exclusively to and resolved by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

8. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties, and Settlement Class Members who did not

timely exclude themselves from the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

9. The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23:

> All persons whose personal identifying information was potentially compromised by unauthorized persons as a result of a phishing incident discovered by LeafFilter on or before August 21, 2018, specifically excluding: (i) officers, directors, members, shareholders, and board members of LeafFilter and/or its related entities; (ii) all Settlement Class Members who timely and validly request exclusion from and/or opt-out of the Settlement Class; (iii) the Judge or Magistrate Judge to whom the action is assigned and, any member of those Judges' staffs or immediate family members; and (vi) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of The Incident or who pleads *nolo contendere* to any such charge (as defined in Paragraph 43 of the Settlement Agreement).

10. The requirements of Rule 23 have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; the claims of Representative Plaintiff are typical of the Settlement Class Members' claims; and Representative Plaintiff has fairly and adequately represented the interests of the Settlement Class.

11. The Court hereby confirms the preliminary appointment of Representative Plaintiff as representative of the Settlement Class. The Class Representative has fairly and adequately represented the interests of the Settlement Class.

12. The Court hereby confirms the preliminary appointment of William B. Federman of Federman & Sherwood as Class Counsel. Class Counsel is experienced in complex class litigation and has fairly and adequately represented the interests of the Settlement Class.

13. The Settlement Administrator is directed to distribute according to the terms of the Settlement Agreement the consideration provided for under the Settlement Agreement to Settlement Class Members who have submitted Verified Claims.

14. The Representative Plaintiff and the Settlement Class Members release and forever discharge the Released Persons from the Released Claims, as set forth below:

> On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim may be pursued against LeafFilter or the Related Entities with respect to the Released Claims.
>
> Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.
>
> *"Released Claims"* means any and all past, present, and future claims, causes of action, counterclaims, lawsuits, rights, demands, charges, complaints, actions, obligations, or liabilities under any legal or equitable theory, whether known, unknown, suspected, or unsuspected or capable of being known or suspected, and whether, accrued, unaccrued, matured, or not matured, including but not limited to, negligence; negligence per se; breach of fiduciary duty; breach of contract; breach of implied contract; violations of any state consumer protection statute; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and any causes of action under 18 U.S.C. §§ 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, losses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning, or arising out of the Incident and alleged disclosure and compromise of any Settlement Class Member's personally identifiable information or any other allegations, facts,

5

or circumstances described in the Action or the Complaint. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement, and shall not include the claims of Persons who have timely and validly requested exclusion from the Settlement Class pursuant to the opt-out procedures set forth in this Settlement Agreement.

15. Representative Plaintiff and members of the Settlement Class are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any of their respective Released Claims. Any person or entity that knowingly violates such injunction shall pay the reasonable costs and attorneys' fees incurred by the other party as a result of such violation.

16. The Court hereby awards Settlement Class Counsel $225,000 for attorneys' fees and reimbursement of their litigation costs and expenses. The Court has carefully reviewed Class Counsel's application for attorneys' fees, costs and expenses pursuant to Federal Rule of Civil Procedure 23(h) and finds this award to be fair and reasonable.

17. The Court hereby approves a Service Award of $3,000 to Representative Plaintiff.

18. The Court finds the Service Awards is fair and reasonable.

19. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising out of or related in any way to the Settlement Agreement, including without limitation its applicability, administration, and consummation (collectively, the "Settlement Matters"). The Court also retains exclusive jurisdiction as to the Settlement Matters over Representative Plaintiff, members of the Settlement Class, and the Defendants, each of whom are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court with regard to all Settlement

Matters and to have waived any defenses based on personal jurisdiction, venue, or that the forum is inconvenient. Without limiting the generality of the foregoing, any dispute arising out of or related in any way to the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a Settlement Matter.

20. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Defendants. The Defendants have denied and continue to deny the claims asserted by Representative Plaintiff. The Court makes no finding as to the merits of these claims. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

21. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified (including but not limited to the Parties' rights to engage in discovery and the Defendants' right to oppose any

subsequent motion for class certification), and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

22. The Action is hereby **DISMISSED WITH PREJUDICE** and without costs. This judgment has been entered without any admission by the Defendants as to the merits of the Representative Plaintiff's allegations in the Litigation.

23. The Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated: _Nov. 25, 2019_

_____
Hon. David Alan Ezra
United States District Court Judge

8